**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-00012-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Shannon Johnson's Application for Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, "Pl.'s Br."), Defendant SSA Commissioner's Opposition (Doc. 18, "Def.'s Br."), and Plaintiff's Reply (Doc. 21, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now reverses the Administrative Law Judge's decision (R. at 17–28) as upheld by the Appeals Council (R. at 1–3).

**I.    BACKGROUND**

Plaintiff filed her Application on April 24, 2014 for a period of disability beginning July 10, 2010. Plaintiff's claims were denied initially on November 3, 2014, and on reconsideration on January 30, 2015. Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on July 26, 2016. (R. at 34–48.) On September 22,

2016, the ALJ denied Plaintiff's Applications. (R. at 17–28.) On November 1, 2017, the Appeals Council upheld the ALJ's decision. (R. at 1–3.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has a severe impairment of degenerative disc disease (R. at 19), but that Plaintiff has the residual functional capacity ("RFC") to perform work at the sedentary level with some limitations, including that "[t]he claimant is limited to standing and/or walking for a maximum of three hours in an eight-hour work day" and "[t]he claimant is limited to sitting for a maximum of six hours in an eight-hour work day." (R. at 21.) After hearing testimony of a Vocational Expert ("VE"), the ALJ concluded that the limitations in Plaintiff's RFC have little or no effect on the occupational base of unskilled sedentary work, such that Plaintiff is not disabled under the Act.

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three arguments for the Court's consideration: (1) the ALJ erred in weighing the assessments of Plaintiff's treating physicians; (2) the ALJ erred by giving reasons for rejecting Plaintiff's symptom testimony that were not sufficiently specific, clear, and convincing and supported by substantial evidence in the record as a whole; and (3) the ALJ erred by relying on the Medical Vocational Guidelines ("Grids") as a framework for concluding Plaintiff is not disabled. (Pl.'s Br. at 1–2.)

. . . .

. . . .

### A. The ALJ Erred in Interpreting the Assessments of Plaintiff's Treating Physicians

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Burnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ gave "little weight" and "minimal weight" to the assessments of Plaintiff's treating physicians, Dr. Viteri-Giordano and Dr. Skobic. (R. at 24–25.) Dr. Viteri-Giordano opined that Plaintiff cannot sit for more than 20 minutes, walk slowly for more than one block, or stand for more than 20 minutes due to moderate-to-severe chronic pain.[1] (R. at 519, 524.) By contrast, an examining physician, Dr. Khumalo, stated that Plaintiff could stand from two to six hours a day and had no limitations in the amount of time she could sit. (R. at 328–29.) The ALJ gave Dr. Khumalo's assessment "great weight" with the exception of how much Plaintiff could lift. (R. at 24.)

The ALJ's reasons for discounting the assessments of Plaintiff's treating physicians were less than legitimate. The ALJ's first and principal reason—that the treating physicians' opinions were "incongruent" with the medical evidence—is simply not the case. The ALJ cites evidence that Plaintiff demonstrated normal range of motion, muscle strength, and gait, but these evaluations are not the same as the treating physicians' assessments of severe chronic pain, which is supported by substantial evidence in the record by way of extensive treatment notes. *See Rawa v. Colvin*, 672 Fed. App'x 664, 667 (9th Cir. 2016) (noting it is beyond the scope of an ALJ's authority to conclude that the

---

[1] For the reasons provided by Plaintiff (Reply at 1–2), the Court treats what appeared to be two functional assessments by Dr. Skobic and Dr. Viteri-Giordano as one by the latter treating physician, completed on September 28, 2015 (R. at 517–28), after those physicians treated Plaintiff from at least April 28, 2014 onward.

lack of muscle atrophy in a claimant means the claimant does not suffer from chronic pain as noted by the treating physician). The ALJ's conclusion that the treating physicians' assessments are inconsistent with Plaintiff's daily activities is also unfounded. The fact that Plaintiff could do occasional chores or shop on a motorized scooter does not contradict a finding that she suffered from chronic, severe pain. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014) (finding ALJ improperly relied on a claimant's activities where there was insufficient evidence as to the extent, manner or complexity of the activities). The ALJ also states that Plaintiff's "treatment has been essentially routine and/or conservative in nature" (R. at 23), but the record does not bear this conclusion out either; the treatment notes show that Plaintiff's treating physicians have engaged in extensive pain management through medication, prescribed steroid injections and physical therapy, and concluded that "any surgical intervention could be risky given [Plaintiff's] need for chronic anticoagulation" (R. at 546). *See Garrison v. Colvin*, 759 F.3d 995, 1015 & n.20 (9th Cir. 2014) (finding ALJ's conclusion that claimant's treatment was conservative unsupported by the record).

In sum, the ALJ identified no legitimate reason to discount the assessments of Plaintiff's treating physicians, even though the ALJ explicitly recognized that treating sources are "most often in the best position to provide a detailed, longitudinal picture of the claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings or one-time examinations." (R. at 24.) This is precisely the reason why the treating physicians' assessments of Plaintiff merit full credit here, and that conclusion is supported by substantial evidence in the record.

The ALJ also gave "great weight" to the non-examining state agency physicians' opinions. (R. at 26.) But "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . an examining physician." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). In the absence of any other

legitimate reason, the ALJ should have credited the treating physicians' opinions in formulating Plaintiff's RFC.

### B. The ALJ Improperly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in his consideration of Plaintiff's symptom testimony (Pl.'s Br. at 18–23), and the Court agrees. An ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Id.* at 681.

In his evaluation of Plaintiff's symptom testimony (R. at 37–38), the ALJ did precisely what the Ninth Circuit has instructed not to do: concluded that the severity or extent of Plaintiff's reported symptoms is not supported by the ALJ's reading of the objective medical evidence. *See Garrison*, 759 F.3d at 1014. The ALJ also discounted Plaintiff's testimony of pain and other limitations by finding it was inconsistent with her reports of daily activities, which as the Court noted above, was also error. (R. at 39.) *See Zavalin*, 778 F.3d at 848; *Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001). As a result, the ALJ erred by failing to provide the requisite specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony.[2]

. . . .

---

[2] Because the Court finds the ALJ materially erred in weighing the treating physicians' assessments and Plaintiff's symptom testimony, the Court need not address Plaintiff's argument that the ALJ erred in relying on the Grids in finding Plaintiff not disabled.

- 6 -

### C. The Credit-As-True Rule Applies

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 25–27.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler*, 775 F.3d at 1099–1102. These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id*. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id*. (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Plaintiff's treating physicians—who identified limitations due to Plaintiff's chronic pain that are inconsistent with Plaintiff's ability to perform even sustained sedentary work—and Plaintiff's symptom testimony. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, including Plaintiff's testimony as to her physical limitations—which the Court credits as a matter of law—the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison*, 759 F.3d at 1022–23; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 & n.12 (9th Cir. 2007).

. . . .

. . . .

. . . .

## IV. CONCLUSION

Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's Application for Supplemental Security Income under the Act and remand for a calculation of benefits.

IT IS THEREFORE ORDERED reversing the September 22, 2016 decision of the Administrative Law Judge, (R. at 17–28), as upheld by the Appeals Council on November 1, 2017 (R. at 1–3).

IT IS FURTHER ORDERED remanding this case to the Social Security Administration for a calculation of benefits.

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 27th day of March, 2019.

Honorable John J. Tuchi
United States District Judge